**THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK – BROOKLYN DIVISION**

| | |
|---|---|
| BARBARA THOMPSON, an individual, | Case No. |
| Plaintiff, | **COLLECTIVE ACTION** |
| vs. | **COMPLAINT FOR DAMAGES** |
| BK VENTURE GROUP LTD dba STARLET'S, a NEW YORK corporation; KEVIN BURCH, an individual; DOE MANAGERS 1- 3; and DOES 4-10, inclusive, | 1. **Failure to Pay Minimum Wage, 29 U.S.C. § 206;** |
| | 2. **Unlawful Taking of Tips, 29 U.S.C. § 203;** |
| Defendants. | 3. **Illegal Kickbacks, 29 C.F.R. § 531.35;** |
| | 4. **Forced Tip Sharing, 29 C.F.R. § 531.35;** |
| | 5. **Failure to Pay Minimum Wage; N.Y. Lab. Law § 650, *et seq.*;** |
| | 6. **Illegal Kickbacks, N.Y. Lab. Law § 198-b, *et seq.*; and** |
| | 7. **Forced Tip Sharing, N.Y. Lab. Law § 196-d, *et seq.*** |
| | **DEMAND FOR JURY TRIAL** |

Plaintiff Barbara Thompson alleges the following upon information and belief, based upon investigation of counsel, published reports, and personal knowledge:

## I.    NATURE OF THE ACTION

1.    Plaintiff alleges causes of action against defendants BV Venture Group, LTD dba Starlet's Gentlemen's Club ("Defendant" or "Starlet's"), a New York corporation, Kevin Burch, Doe Managers 1-3, and Does 4-10, inclusive (collectively, "Defendants") for damages due to Defendants evading the mandatory minimum wage and overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* and illegally absconding with Plaintiff's tips.

2.    As a result of Defendants' violations, Plaintiff seeks to recover all tips kept by her employer, liquidated damages, interest, and attorneys' fees and costs pursuant to the FLSA. This includes the return of all kickbacks that caused her payments to go below the minimum wage.

3.    These causes of action arise from Defendants' willful actions while Plaintiff was employed by Defendants within the last three years from the filing of the demand for arbitration. During her time being employed by Defendants, Plaintiff was denied minimum wage payments and denied overtime as part of Defendants' scheme to classify Plaintiff and other dancers/entertainers as "independent contractors."

4.    Plaintiff worked at Defendants' principal places of business located at 49-09 25th Avenue, Woodside, New York 11377 in the past three years.

5.    Defendants failed to pay Plaintiff's minimum wages and overtime wages for all hours worked in violation of 29 U.S.C. §§ 206 and 207 of the FLSA.

6.    Defendants' conduct violates the FLSA, which requires non-exempt employees to be compensated for her overtime work at a rate of one and one-half

(1 ½) times her regular rate of pay. *See* 29 U.S.C. § 207(a).

7.    Furthermore, Defendants' practice of failing to pay tipped employees pursuant to 29 U.S.C. § 203(m), violates the FLSA's minimum wage provision. *See* 29 U.S.C. § 206.

8.    As a result of Defendants' violations, Plaintiff seeks to recover double damages for failure to pay minimum wage, overtime liquidated damages, interest, and attorneys' fees.

## II.  VENUE AND JURISDICTION

9.    This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 because this action arises under the FLSA, 29 U.SC. §§ 201, *et seq*. Plaintiff's state law claims for relief are within the supplemental jurisdiction of the Court pursuant to 28 U.S.C. § 1367(a).

10.    Venue is proper in this District because all or a substantial portion of the events forming the basis of this action occurred in this District. Defendants' club is located in this District and Plaintiff worked in this District.

11.    Plaintiff has satisfied all conditions precedent, if any, to the filing of this suit.

## III.  PARTIES

12.    Plaintiff was employed by Defendants and Plaintiff qualifies as an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 203(e)(1).

13.    Starlet's is a New York company with its principal place of business located at 49-09 25th Avenue, Woodside, New York 11377. At all times mentioned herein, Starlet's was an "employer" or "joint employer" of Plaintiff as defined by the FLSA, 29 U.S.C. § 203(d) and (g). Starlet's may be served via its agent for service of process "The Corporation" at 49-09 25th Avenue, Woodside, New York 11377.

14.    Defendant Kevin Burch is an individual who resides in New Yrok He

is the owner, controlling shareholder, and exerts day to day management over the defendant entity Starlet's through which he exerts operational and management control over Starlet's. Pursuant to an across the board, corporate wide policy dictated and enforced by Defendants, including defendant Kevin Burch, as well as the other Defendants herein, refuse to pay dancers-entertainers minimum wage and earned overtime, by mischaracterizing them as "independent contractors." Kevin Burch, individually also exerts day to day management and operational control over Starlet's, and is frequently present at, and owns, directs, controls and manages the operations at the club. Defendant Kevin Burch is an "employer" or "joint employer" within the meaning of the Fair Labor Standards Act.

15.    DOE MANAGERS 1 to 3 are managers/owners who control the policies and enforce the policies related to employment at Starlet's.

16.    At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(r)(1) of the FLSA because they have had employees at her club engaged in commerce her club which has travelled in interstate commerce. The club also sells liquor which has traveled in interstate commerce. Moreover, because of Defendants' interrelated activities, they function in interstate commerce. 29 U.S.C. § 203(s)(1).

17.    Furthermore, each Defendant's annual gross volume of sales made or business done is not less than $500,000.

18.    Furthermore, Defendants have had, and continue to have, an annual gross business volume in excess of the statutory standard.

19.    At all material times during the three (3) years prior to the filing of this action, Defendants categorized all dancers/entertainers employed at Starlet's as "independent contractors" and have failed and refused to pay wages or compensation to such dancers/entertainers. Plaintiff was an individual employee

who engaged in commerce or in the production of goods for commerce as required by 29 USC §§ 206-207.

20.    The true names, capacities or involvement, whether individual, corporate, governmental or associate, of the Defendants named herein as DOE MANAGERS 1 through 3 and DOES 4 through 10, inclusive are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff prays for leave to amend this Demand to show the true names and capacities when the same have been finally determined. Plaintiff is informed and believes, and upon such information and belief alleges thereon, that each of the Defendants designated herein as DOE is negligently, intentionally, strictly liable or otherwise legally responsible in some manner for the events and happenings herein referred to, and negligently, strictly liable intentionally or otherwise caused injury and damages proximately thereby to Plaintiff, as is hereinafter alleged.

21.    Plaintiff is informed and believes that, at all relevant times herein, Defendants engaged in the acts alleged herein and/or condoned, permitted, authorized, and/or ratified the conduct of its employees and agents, and other Defendants and are vicariously or strictly liable for the wrongful conduct of its employees and agents as alleged herein.

22.    Plaintiff is informed and believes that, and on that basis alleges that, each of the Defendants acted, in all respects pertinent to this action, as the agent or employee of each other, and carried out a joint scheme, business plan, or policy in all respect thereto and, therefore, the acts of each of these Defendants are legally attributable to the other Defendants, and that these Defendants, in all respects, acted as employer and/or joint employers of Plaintiff in that each of them exercised control over her wage payments and control over her duties.

23.    Plaintiff is informed and believes that, and on that basis alleges that, at all relevant times, each and every Defendant has been the agent, employee,

representative, servant, master, employer, owner, agent, joint venture, and alter ego
of each of the other and each was acting within the course and scope of his or her
ownership, agency, service, joint venture and employment.

24.     At all times mentioned herein, each and every Defendant was the
successor of the other and each assumes the responsibility for the acts and
omissions of all other Defendants.

## IV.   ALLEGATIONS COMMON TO ALL CAUSES OF ACTION
### (Against All Defendants)

### A.   FACTUAL ALLEGATIONS

25.     Defendants operate an adult-oriented entertainment facility located at
49-09 25th Avenue, Woodside, New York 11377. At all times mentioned herein,
Defendants were "employer(s)" or "joint employer(s)" of Plaintiff.

26.     At most, if not all times during the six (6) years prior to the filing of
the instant action, Defendants categorized all dancers/entertainers employed by
Defendants as "independent contractors" and have failed and refused to pay wages
to such dancers.

27.     At all times relevant to this action, Defendants exercised a great deal
of operational and management control over the subject club, particularly in the
areas of terms and conditions of employment applicable to dancers and
entertainers.

28.     Plaintiff worked as a dancer for Defendants from approximately
January 1, 2016 to March 2019. She is filing a consent to opt into this collective as
Exhibit "1" to this Complaint.

29.     The primary duty of a dancer/entertainer is to dance and entertain
customers, and give them a good experience. Specifically, a dancer/ entertainer
performs stage and table dances, and entertains customers on an hourly basis.

30.     Stated differently, dancers/entertainers dance on stage, perform table

dances, and entertain customers in VIP rooms, all while nude or semi-nude.

31.     Plaintiff worked and performed at the adult-oriented entertainment facilities multiple shifts per week. Plaintiff was an integral part of Defendants' business which operated solely as an adult-oriented entertainment facility featuring nude or semi-nude female dancers/ entertainers.

32.     Defendants did not pay dancers/ entertainers on an hourly basis.

33.     Defendants exercised significant control over Plaintiff during her shifts and would demand that Plaintiff work certain days and tell Plaintiff what time she was permitted to leave.

34.     Defendants set prices for all VIP performances.

35.     Defendants set the daily cover charge for customers to enter the facility and had complete control over which customers were allowed in the facility.

36.     Defendants controlled music for Plaintiff's performances.

37.     Defendants controlled the means and manner in which Plaintiff could perform.

38.     Defendants had the authority to suspend, fine, fire, or otherwise discipline entertainers for non-compliance with her rules regarding dancing.

39.     Defendants actually suspended, fined, fired, or otherwise disciplined entertainers for non-compliance with her rules regarding dancing.

40.     Although Defendants allowed dancers/entertainers to choose their own costumes, Defendants reserved the right to decide what a particular entertainer was allowed to wear on the premises.

41.     Plaintiff was compensated exclusively through tips from Defendants' customers. That is, Defendants did not pay Plaintiff whatsoever for any hours worked at their establishments.

42.     Defendants also required Plaintiff to share her tips with Defendants

and other non-service employees who do not customarily receive tips, including the managers, disc jockeys, and the bouncers.

43.    Defendants are in violation of the FLSA's tipped-employee compensation provision, 29 U.S.C. § 203(m), which requires employers to pay a tipped employee a minimum of $2.13 per hour. Defendants also violated 29 U.S.C. § 203(m) when they failed to notify Plaintiff about the tip credit allowance (including the amount to be credited) before the credit was utilized. That is, Defendants' exotic dancers/entertainers were never made aware of how the tip credit allowance worked or what the amounts to be credited were. Furthermore, Defendants violated 29 U.S.C. § 203(m) because they did not allow Plaintiff to retain all of her tips and instead required that they divide her tips amongst other employees who do not customarily and regularly receive tips. Because Defendants violated the tip-pool law, Defendants lose the right to take a credit toward minimum wage.

44.    Defendants exercised significant control over Plaintiff through written and unwritten policies and procedures.

45.    Starlet's provided and paid for all advertising and marketing efforts undertaken on behalf of Starlet's.

46.    Starlet's paid for the buildings used by Starlet's, maintenance of the facility, the sound system, stages, lights, beverage and inventory used at the facility.

47.    Defendants made all hiring decisions regarding wait staff, security, entertainers, managerial and all other employees on the premises.

48.    Starlet's opportunity for profit and loss far exceeded Plaintiffs' opportunity for profit and loss from work at Starlet's.

49.    Exotic dancing is an integral part of Starlet's operations. Starlet's advertising prominently displays exotic dancing for its customers. Starlet's is well

known as a "strip club."

50.     Defendants need dancers/ entertainers to successfully and profitably operate the Starlet's business model.

51.     The position of dancer/entertainer requires no managerial skill of others.

52.     The position of dancer/entertainer requires little other skill or education, formal or otherwise.

53.     The only requirements to become an entertainer at Starlet's are "physical attributes" and the ability to dance seductively. Plaintiffs did not have a formal interview but instead were glanced over "up and down" and participated in a brief audition by the manager before being offered an employment opportunity. The amount of skill required is more akin to an employment position than that of a typical independent contractor. Defendants do not require prior experience as an entertainer or any formal dance training as a job condition or prerequisite to employment. Defendants do not require the submission of an application or a resume as part of the hiring process. In fact, Plaintiffs have little or no formal dance training and experience before auditioning to dance at Starlet's.

54.     Defendants failed to maintain records of wages, fines, fees, tips and gratuities and/or service charges paid or received by dancers/entertainers.

55.     Plaintiffs were not paid an hourly minimum wage or *any* hourly wage or salary despite being present at Defendants' facility and required to work and entertain its customers at any time during an eight-plus (8+) hour work shift.

56.     Plaintiffs were not paid overtime wages at one-and-a-half (1½) times the regular minimum wage rate for *any* hours worked despite being present at Defendants' facility and required to work and entertain its customers for longer than eight (8) hours per shift.

57.     Plaintiffs were not paid an hourly minimum wage for the typical half

(1/2) hour of time expended prior to each shift to get ready for work, including applying makeup and hair, and to comply with Defendants' dress and appearance standards.

58.    Plaintiffs were not paid an hourly minimum wage for the time they were required to wait at Starlet's until the premises and the parking lot were cleared of customers.

59.    The FLSA Collective Members had the same pay structure and were under the same controls as Plaintiffs.

60.    Plaintiffs and FLSA Collective Members would work over forty (40) hours in some weeks each worked for Defendants.

61.    Defendants have never paid Plaintiffs and FLSA Collective Members any amount as wages whatsoever, and have instead unlawfully required Plaintiffs and FLSA Collective Members to pay them for the privilege of working.

62.    The only source of monies received by Plaintiffs (and the collective they seek to represent) relative to their employment with Defendants came in the form of gratuities received directly from customers, a portion of which Plaintiffs and the FLSA Collective Members were required to pay to Defendants.

63.    Although Plaintiffs and FLSA Collective Members are required to and do in fact frequently work more than forty (40) hours per workweek, they are not compensated at the FLSA mandated time-and-a-half (1½) rate for hours in excess of forty (40) per workweek. In fact, they receive no compensation whatsoever from Defendants and thus, Defendants violate the minimum wage requirement of FLSA. *See* 29 U.S.C. § 206.

64.    Defendants' method of paying Plaintiffs in violation of the FLSA was willful and was not based on a good faith and reasonable belief that its conduct complied with the FLSA. Defendants misclassified Plaintiffs with the sole intent to avoid paying them in accordance to the FLSA; the fees and fines described

herein constitute unlawful "kickbacks" to the employer within the meaning of the FLSA, and Plaintiffs are entitled to restitution of such fines and fees.

65.    Plaintiffs and the FLSA Collective Members who worked at Starlet's performed precisely the same job duties—dancing and entertaining at Starlet's.

66.    Plaintiffs and the FLSA Collective Members who worked at Starlet's during the applicable limitations period(s) were subject to the same work rules established by the Defendants as identified above.

67.    Plaintiffs and the FLSA Collective Members at Starlet's were subject to the terms and conditions of employment and the same degree of control, direction, supervision, promotion and investment imposed or performed by Defendants.

68.    Plaintiffs and the FLSA Collective Members at Starlet's during the applicable limitations period(s) were subject to the same across-the-board, uniformly applied corporate policy mandated by Defendants.

69.    Plaintiffs and the FLSA Collective Members at Starlet's, during the applicable limitations period, were subject to the same fees and fines imposed by Defendants.

70.    As a result of Defendants' across-the-board, standard operating procedure of mischaracterizing dancers/entertainers as "independent contractors" and their consequent failure to pay any wages or compensation whatsoever, it is a certainty that numerous other current and former dancers and entertainers who worked at Starlet's during the applicable limitations period would elect to participate in this action if provided notice of same.

71.    Upon information and belief, more than one hundred (100) dancers and entertainers have worked at Starlet's during the three (3) to five (5) years prior to the filing of this action.

72.    Plaintiffs are "similarly situated" to the 29 U.S.C. § 216(b) class of

persons they seek to represent, and will adequately represent the interests of the class.

73.    Plaintiffs have hired counsel experienced in class actions and in collective actions under 29 U.S.C. § 216(b) who will adequately represent the collective.

74.    Defendants failed to keep records of tips, gratuities and/or service charges paid to Plaintiffs or any other dancer/entertainer and failed to maintain and furnish wage statements to Plaintiffs.

75.    Federal law mandates that an employer is required to keep for three (3) years all payroll records and other records containing, among other things, the following information:

a.    The time of day and day of week on which the employees' work week begins;

b.    The regular hourly rate of pay for any workweek in which overtime compensation is due under section 7(a) of the FLSA;

c.    An explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, or other basis;

d.    The amount and nature of each payment which, pursuant to section 7(e) of the FLSA, is excluded from the "regular rate";

e.    The hours worked each workday and total hours worked each workweek;

f.    The total daily or weekly straight time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime compensation;

g.    The total premium for overtime hours. This amount excludes the straight-time earnings for overtime hours recorded under this section;

      h.     The total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments;

      i.     The dates, amounts, and nature of the items which make up the total additions and deductions;

      j.     The total wages paid each pay period; and

      k.     The date of payment and the pay period covered by payment.

29 C.F.R. 516.2, 516.5.

76.    Defendants have not complied with federal law and have failed to maintain such records with respect to Plaintiffs and the FLSA Collective Members. Because Defendants' records are inaccurate and/or inadequate, Plaintiffs and the FLSA Collective Members can meet their burden under the FLSA by proving that they, in fact, performed work for which they were improperly compensated, and produce sufficient evidence to show the amount and extent of their work "as a matter of a just and reasonable inference." *See, e.g., Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946). Plaintiffs seek to put Defendants on notice that they intend to rely on *Anderson* to provide the extent of their unpaid work.

**B.    INDIVIDUAL LIABILITY UNDER THE FAIR LABOR STANDARDS ACT**

77.    In *Irizarry v. Catsimatidis*, 722 F.3d 99 (2d Cir. 2013), the U.S. Court of Appeals for the Second Circuit held that individuals can be liable for FLSA violations under an "operational control." *Id.* This elaborate on the test applied in *Carter v. Dutchess Community College*, 725 F.2d 8 (2d Cir. 1984). The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The Second Circuit stated that the definition of "employer" under FLSA is not limited by the common law concept of "employer" but "is to be given an expansive interpretation in order to effectuate the FLSA's broad remedial purposes."

78.     Where an individual exercises "control over the nature and structure of the employment relationship," or "economic control" over the relationship, that individual is an employer within the meaning of the FLSA, and is subject to liability. *Lambert v. Ackerley*, 180 F.3d 997 (9th Cir. 1999). The Ninth Circuit highlighted factors related to "economic control," which included ownership interest, operational control of significant aspects of the day-to-day functions, the power to hire and fire employees, determine salaries, and the responsibility to maintain employment records.

79.     Kevin Burch is individually liable for failing to pay Plaintiff her wages.

80.     DOE MANAGERS 1 to 3 and DOES 4 through 10 are individually liable for failing to pay Plaintiff her wages. The actual identities of DOE MANAGERS 1 to 3 and DOES 4 through 10 are unknown at this time.

C.     NEW YORK STATE CLAIMS

81.     Plaintiff and collective members are current and former employees of Starlet's and Burch within the meaning of N.Y. Lab. Laws §§ 651(5) and 190.

82.     The minimum wage provisions of N.Y. Lab. Laws, § 650, *et seq*. and the supporting New York State Department of Labor Regulations, N.Y. Comp. Codes R. & Regs title 12, § 137-1.1., *et seq.* apply to Defendants, who constitute employers under New York's minimum wage law.

V.     CAUSES OF ACTION

FIRST CAUSE OF ACTION

FAILURE TO PAY MINIMUM WAGE PURSUANT TO THE FLSA, 29 U.S.C. § 206

(By Plaintiff Individually and for the Collective Against All Defendants)

83.     Plaintiff hereby incorporates by reference and re-alleges paragraphs 1-82 as though fully set forth herein.

84.     Defendants are engaged in "commerce" and/or in the production of

"goods" for "commerce" as those terms are defined in the FLSA.

85.    Defendants operate an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), because it has employees engaged in commerce, and because its annual gross volume of sales made is more than five hundred thousand U.S. Dollars ($500,000).

86.    Defendants failed to pay Plaintiff the minimum wage in violation of 29 U.S.C. § 206.

87.    Based upon the conduct alleged herein, Defendants knowingly, intentionally and willfully violated the FLSA by not paying Plaintiff the minimum wage under the FLSA.

88.    Throughout the relevant period of this lawsuit, there is no evidence that Defendants' conduct that gave rise to this action was in good faith and based on reasonable grounds. In fact, Defendants continued to violate the FLSA long after they learned that her misclassification scheme and compensation policies were illegal.

89.    Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, minimum wage compensation and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION

### UNLAWFUL TAKING OF TIPS IN VIOLATION OF THE FLSA, 29 U.S.C. § 203
### (By Plaintiff Individually and for the Collective Against All Defendants)

90.    Plaintiff hereby incorporates by reference and re-alleges paragraphs 1-89 as though fully set forth herein.

91.    Plaintiff customarily and regularly received more than thirty U.S. Dollars ($30.00) a month in tips and therefore is a tipped employee as defined in the FLSA, 29 U.S.C. § 203(t), *see also* 29 C.F.R. § 531.50.

92.     At all relevant times, each Defendant is an "employer" or joint employer of Plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203(d).

93.     Defendants are engaged in "commerce" and/or in the production of "goods" for "commerce" as those terms are defined in the FLSA.

94.     Defendants operate an enterprise engaged in commerce within the meaning for the FLSA, 29 U.S.C. § 203(s)(1), because it has employees engaged in commerce, and because its annual gross volume of sales made is more than five hundred thousand U.S. Dollars ($500,000).

95.     Under TIPA:

> [a]n employer may not keep tips received by its employees for any purpose including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not it takes a tip credit.

29 U.S.C. § 203.

96.     Defendants kept a portion of tips paid to Plaintiff by Defendants' customers in the form of fees, fines, mandatory charges and other payments to management, house moms, disc jockeys, and floor men in violation of TIPA.

97.     Defendants required Plaintiff to participate in an illegal tip pool, which included employees who do not customarily and regularly receive tips, and do not have more than a *de minimis*, if any, interaction with customers leaving the tips (such as the Club DJs, security, and management).

98.     The contribution the Defendants required Plaintiff to make after each shift was arbitrary and capricious and the distribution was not agreed to by Plaintiff or other dancers; but rather, was imposed upon Plaintiff and other dancers.

99.     By requiring Plaintiff to pool her tips with club management, including the individual Defendants named herein, Defendants "retained" a portion of the tips received by Plaintiff in violation of the FLSA.

100.    Defendants did not make any effort, let alone a "good faith" effort, to

comply with the FLSA as it relates to compensation owed to Plaintiff.

101.   At the time of her illegal conduct, Defendants knew or showed reckless disregard that the tip-pool which they required Plaintiff to contribute included non-tipped employees and, therefore, was statutorily illegal. In spite of this, Defendants willfully failed and refused to pay Plaintiff the proper amount of the tips to which they were entitled.

102.   Defendants' willful failure and refusal to pay Plaintiff the tips she earned violates the FLSA.

103.   Defendants kept a portion of tips paid to Plaintiff by Defendants' customers in the form of fees, fines, mandatory charges and other payments to management, house moms, disc jockeys, and door men in violation of TIPA.

104.   As a result of the acts and omissions of the Defendants as alleged herein, and pursuant to 29 U.S.C. §§ 216(b) and 260, Plaintiff is entitled to damages in the form of all misappropriated tips, plus interest; as liquidated damages, an amount equal to all misappropriated tips, mandatory attorneys' fees, costs, and expenses.

## THIRD CAUSE OF ACTION

### ILLEGAL KICKBACKS, 29 C.F.R. § 531.35

**(By Plaintiff Individually and for the Collective Against All Defendants)**

105.   Plaintiff hereby incorporates by reference and re-alleges paragraphs 1-104 as though fully set forth herein.

106.   Defendants required Plaintiff to pay monetary fees to Defendants and other Starlet's employees who did not work in positions that are customarily and regularly tipped, in violation of 29 U.S.C. § 203(m).

107.   Defendants' requirement that Plaintiff pay fees to Defendants and other Starlet's employees violated the "free and clear" requirement of 29 C.F.R. § 531.35.

108.   Because Defendants violated the "free and clear" requirement of 29 C.F.R. § 531.35 as alleged above, they were not entitled to utilize the FLSA's tip-credit provision with respect to Plaintiff's wages.

109.   This results in Plaintiff not only failing to receive a minimum wage, but also have further fees/moneys owed to her minimum wage taken from her by the Defendants. This requires them to receive the fees back and the minimum wage to be made whole under the FLSA.

110.   Because Defendants violated the "free and clear" requirement of 29 C.F.R. § 531.35, all monetary fees imposed on Plaintiff is classified as illegal kickbacks.

111.   Plaintiff is entitled to recover from Defendants all fees that Defendants required Plaintiff to pay in order to work at Starlet's, involving but not limited to house fees.

### FOURTH CAUSE OF ACTION

### FORCED TIPPING, 29 C.F.R. § 531.35

### (By Plaintiff Individually and for the Collective Against All Defendants)

112.   Plaintiff hereby incorporates by reference and re-alleges paragraphs 1-111 as though fully set forth herein.

113.   Defendants required Plaintiff to pay monetary fees to other Starlet's employees who did not work in positions that are customarily and regularly tipped, in violation of 29 U.S.C. § 203(m).

114.   Defendants' requirement that Plaintiff pay fees to other Starlet's employees violated the "free and clear" requirement of 29 C.F.R. § 531.35.

115.   Because Defendants violated the "free and clear" requirement of 29 C.F.R. § 531.35 as alleged above, they were not entitled to utilize the FLSA's tip-credit provision with respect to Plaintiff's wages.

116.   Plaintiff is entitled to recover from Defendants all fees that

Defendants required Plaintiffs to pay other employees in order to work at Starlet's, involving but not limited to forced tip sharing.

## FIFTH CAUSE OF ACTION

### NEW YORK LAB. LAWS – MINIMUM WAGE

### (By Plaintiff Individually and for the Collective Against All Defendants)

117.    Plaintiff hereby incorporates by reference and re-alleges paragraphs 1-116 as though fully set forth herein.

118.    Defendants willfully violated N.Y. Lab. Laws, § 650, *et seq*. and the supporting New York State Department of Labor Regulations, N.Y. Comp. Codes R. & Regs title 12, § 137-1.1., *et seq.* apply to Defendants, who constitute employers under New York's minimum wage law.

119.    Defendants were required to pay Plaintiff and collective members the prevailing minimum wage in the New York State in the six years preceding the initial filing of this Complaint, until the final adjudication of this matter.

120.    Defendants refuse to pay. The conduct above was done willfully.

121.    Plaintiff is entitled to damages in the form of all misappropriated tips, plus interest; as liquidated damages, an amount equal to all misappropriated tips, mandatory attorneys' fees, costs, and expenses.

## SIXTH CAUSE OF ACTION

### NEW YORK LAB. LAWS – UNLAWFUL KICKBACKS

### (By Plaintiff Individually and for the Collective Against All Defendants)

122.    Plaintiff hereby incorporates by reference and re-alleges paragraphs 1-121 as though fully set forth herein.

123.    Defendants willfully violated N.Y. Lab. Laws, § 198-b, *et seq*. and the supporting New York State Department of Labor Regulations, N.Y. Comp. Codes R. & Regs title 12, § 137-1.1., *et seq.* apply to Defendants, who constitute employers under New York's minimum wage law.

124.   N.Y. Lab. Laws, § 198-b prohibits Defendants from requesting, demanding, or receiving, either before or after an employee is engaged, a return, donation, or contribution f any part or all of the employee's wages, salary, supplements, or other thing of value, upon the statement, representation, or understating that failure to comply with such request or demand will prevent such employee from procuring or retaining employment.

125.   Defendants did such acts in the forms of house fees/license fees/lease fees (requirements to pay money to work, and via the forced subsidization of the club via forced tipping other underpaid DJs, security, house moms and managers.

## SEVENTH CAUSE OF ACTION

### NEW YORK LAB. LAWS – DEMANDING, ACCEPTING & RETAINING GRATUITIES
### (By Plaintiff Individually and for the Collective Against All Defendants)

126.   Plaintiff hereby incorporates by reference and re-alleges paragraphs 1-125 as though fully set forth herein.

127.   Defendants willfully violated N.Y. Lab. Laws, § 196-d, *et seq*. and the supporting New York State Department of Labor Regulations, N.Y. Comp. Codes R. & Regs title 12, § 137-1.1., *et seq.* apply to Defendants, who constitute employers under New York's minimum wage law.

128.   N.Y. Lab. Laws, § 196-d prohibits Defendants from requesting, demanding, or receiving, either before or after an employee is engaged, a return, donation, or contribution of any part or all of the employee's wages, salary, supplements, or other thing of value, upon the statement, representation, or understating that failure to comply with such request or demand will prevent such employee from procuring or retaining employment.

129.   Defendants did such acts in the forms of house fees/license fees/lease fees (requirements to pay money to work, and via the forced subsidization of the club via forced tipping other underpaid DJs, security, house moms and managers.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests of this Court the following relief:

1. For compensatory damages according to proof of at least $151,000 for Plaintiff;

2. For special damages according to proof;

3. For restitution of unpaid monies;

4. For attorneys' fees;

5. For costs of suit incurred herein;

6. For statutory penalties;

7. For civil penalties;

8. For pre-judgment interest;

9. For post-judgement interest;

10. For general damages in an amount to be proven; and

11. For such other and further relief as the tribunal may deem just and proper.

Dated: January 24, 2022

**CARPENTER & ZUCKERMAN**

*/s/ Peter Cho*

Peter Cho (NY State Bar No. 2910339)
John P. Kristensen (*Pro Hac Vice* Pending)
8827 W. Olympic Blvd.
Beverly Hills, California 90211
Telephone: (310) 273-1230
Email: *pcho@cz.law*
          *kristensen@cz.law*

*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury for all such triable claims.


Dated: January 24, 2022                    **CARPENTER & ZUCKERMAN**

                                           */s/ Peter Cho*

                                           Peter Cho (NY State Bar No. 2910339)
                                           John P. Kristensen (*Pro Hac Vice* Pending)
                                           8827 W. Olympic Blvd.
                                           Beverly Hills, California 90211
                                           Telephone: (310) 273-1230
                                           Email: *pcho@cz.law*
                                                  *kristensen@cz.law*


                                           ***Attorneys for Plaintiff***

# EXHIBIT 1

Re: Starlet's of New York

## CONSENT TO JOIN COLLECTIVE ACTION
Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b)

1. I consent and agree to pursue my claims arising out of my performing at Stadium Club in connection with the above-referenced lawsuit.

2. I work/worked as an exotic dancer for Starlet's of New York in Woodside, New York, from __01/2016__ to __03/2019__

3. I understand that this lawsuit is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. I hereby consent, agree, and "opt in" to become a plaintiff herein and to be bound by any judgment by the Court or resolutions of this action under the federal wage law.

4. I hereby designate John P. Kristensen of Kristensen LLP at 5757 Century Blvd., Suite 680, Los Angeles, California 90045 to represent me for all purposes in this action.

5. I also designate the named Plaintiff in this action, the collective action representative, as my agent to make decisions on my behalf concerning all aspects of the litigation.

Signature:  
Date:       11/19/2021  
Name:       Barbara Thompson

Send your consent form to any of the following firms, via e-mail, fax, U.S. Mail, screenshot then e-mail or screenshot and text**:

John P. Kristensen  
**KRISTENSEN LLP**  
5757 Century Blvd., Suite 680  
Los Angeles, California 90045  
Telephone: (310) 507-7924  
**Text or Call: (310) 913-1201  
Fax: (310) 507-7906  
*john@kristensenlaw.com*