UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BARBARA THOMPSON, *et al.*,

                Plaintiffs,

        v.

BK VENTURE GROUP LTD, *et al.*,

                Defendants.

**ORDER**
22-CV-00470 (HG) (RML)

**HECTOR GONZALEZ**, United States District Judge:

    As explained in the Court's prior order, *see* ECF No. 34, this case involves two different groups of Plaintiffs asserting claims under the Fair Labor Standards Act (the "FLSA"). One group of Plaintiffs, Barbara Thompson and Taylor Stewart, are represented by counsel and have filed a motion seeking judicial approval of their settlement with Defendants pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). ECF No. 31. They have consented to the jurisdiction of Magistrate Judge Levy for all purposes, including their motion to approve the settlement. ECF No. 33.

    The second group of Plaintiffs—Ashley Rogers, Chelsea Lopez, Suenbel Rehman, Latavia Scott, and Shanell Dean—are currently proceeding *pro se*. They were previously represented by Plaintiffs' counsel, but Plaintiffs' counsel received permission to withdraw from that representation because those Plaintiffs had failed to communicate with them for a prolonged period of time. *See* ECF Orders dated Feb. 23, 2023. Since Plaintiffs' counsel no longer represents these *pro se* Plaintiffs, their claims do not fall within the scope of the other Plaintiffs' consent to Judge Levy's jurisdiction. Accordingly, I ordered each of the *pro se* Plaintiffs to file a letter on or before September 26, 2023, stating that she still intends to participate in the case, and providing an address, telephone number, and email address, if any, that the Court and

Defendants' counsel may use to contact her. ECF No. 34. I unambiguously warned the *pro se* Plaintiffs that if any of them failed timely to respond to that order, then the Court would likely dismiss their claims with prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *Id.* The Court's staff sent a copy of that order to the mailing address and email address for each *pro se* Plaintiff, which had been provided by their former counsel.

More than two weeks have passed since the *pro se* Plaintiffs' deadline to demonstrate that they intend to proceed with this case, and none of them has filed any response to my order. Under these circumstances, dismissing their claims with prejudice for failure to prosecute is appropriate. When dismissing claims for failure to prosecute pursuant to Rule 41(b), the Second Circuit has directed district courts to consider the following factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *See Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).[1]

Each of the relevant factors favors dismissal. As described above, I have unambiguously warned the *pro se* Plaintiffs that their claims would be dismissed if they failed timely to come forward to participate in the case. Although those Plaintiffs' noncompliance with that order has lasted only two weeks, based on the representations made by those Plaintiffs' former counsel in their motions to withdraw, the *pro se* Plaintiffs' failure to communicate with either the Court or

---

[1] Unless noted, case law quotations in this order accept all alterations and omit internal quotation marks, citations, and footnotes.

their prior counsel has now lasted for approximately one year.  *See* ECF Minute Entry dated Apr. 25, 2023.  The fact that the other Plaintiffs have reached a settlement with Defendants, which is pending Judge Levy's approval, means that Defendants would be prejudiced by allowing the *pro se* Plaintiffs' claims to remain outstanding and by being forced to attempt to disprove the claims of parties who have been nonresponsive and are unlikely to participate in further discovery.  *Diaz v. Parents Ass'n of Yeshiva & Mesifta Torah Vodaath, Inc.*, No. 21-cv-4102, 2022 WL 18858970, at *2 (E.D.N.Y. Sept. 27, 2022), *report and recommendation adopted in full*, No. 21-cv-4102 (E.D.N.Y. Nov. 18, 2022) (dismissing FLSA claims pursuant to Rule 41(b) where "all the other parties ha[d] settled th[e] matter" because "[a] significant motivator for defendants to settle is the promise of a prompt and complete end to litigation").  Similarly, the Court has an interest in eliminating this case from its docket, rather than keeping it open for the benefit of parties who have shown no interest in participating in the case for a year.  "It is not the function of this Court to chase dilatory plaintiffs while other litigants in this [D]istrict seek access to the courts."  *Rojas v. L-Ray, LLC*, No. 20-cv-6109, 2021 WL 6127047, at *2 (S.D.N.Y. Dec. 28, 2021) (dismissing claims pursuant to Rule 41(b)).

      Finally, I have considered imposing less drastic sanctions, such as monetary sanctions.  But since warning Plaintiffs that their case may be dismissed has not triggered their participation, "there is no reason to believe that a lesser sanction would be effective."  *Aguilar v. Kimo Mgmt. Grp. Corp.*, No. 21-cv-7537, 2023 WL 2822201, at *2 (S.D.N.Y. Apr. 6, 2023) (dismissing FLSA claims pursuant to Rule 41(b) because plaintiff ignored order warning about potential dismissal, "ha[d] become unresponsive to her own counsel," and "appear[ed] uninterested in pursuing her claims").  Additionally, since Plaintiffs are *pro se* and asserting claims for unpaid wages, it is reasonable to infer that they have limited means and that they might consider

monetary sanctions just as burdensome, if not more burdensome, than the loss of their FLSA claims.

I further find that entering a partial judgment adjudicating the *pro se* Plaintiffs' claims is proper. "Rule 54(b) authorizes entry of a partial final judgment 'as to one or more, but fewer than all, claims or parties' only when three requirements have been satisfied: (1) there are multiple claims or parties; (2) at least one claim or the rights and liabilities of at least one party has been finally determined; and (3) the court makes an 'express determination that there is no just reason for delay.'" *Acumen Re Mgmt. Corp. v. Gen. Sec. Nat'l Ins. Co.*, 769 F.3d 135, 140 (2d Cir. 2014) (quoting Fed. R. Civ. P. 54(b)). Although the Second Circuit has instructed that this authority should "be exercised sparingly" in order to further the "policy against piecemeal appeals," entering a partial judgment is appropriate here. *Novick v. AXA Network, LLC*, 642 F.3d 304, 310 (2d Cir. 2011). The first two requirements are clearly satisfied because this case has multiple parties, and this order disposes of all the claims that the *pro se* Plaintiffs have asserted against Defendants. Entering judgment in favor of Defendants on those Plaintiffs' claims is unlikely to result in piecemeal appeals because the remaining Plaintiffs have settled their claims and are, therefore, likely to dismiss those claims voluntarily rather than to file an appeal. Accordingly, there is no reason to delay entering a judgment that disposes of all the claims not included in Defendants' settlement with the represented Plaintiffs.

## **CONCLUSION**

For the reasons set forth above, the Court dismisses with prejudice, for failure to prosecute pursuant to Rule 41(b), the claims asserted by opt-in Plaintiffs Ashley Rogers, Chelsea Lopez, Suenbel Rehman, Latavia Scott, and Shanell Dean. The Clerk of Court is respectfully directed to enter a judgment dismissing those Plaintiffs' claims with prejudice. The *pro se*

Plaintiffs' former counsel shall send a copy of this order and the eventual judgment to each of those Plaintiffs' last known mailing and email addresses and shall file a letter no later than three business days after the judgment has been entered confirming that they have done so. The Court's staff is contemporaneously sending this order, through the District's electronic case filing system, to the *pro se* Plaintiffs' email addresses provided in the motions to withdraw by their former counsel.

      SO ORDERED.

                                      */s/ Hector Gonzalez*
                                      HECTOR GONZALEZ
                                      United States District Judge

Dated: Brooklyn, New York
       October 13, 2023